NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RITA BETY GARCIA-PEREZ, | No. 18-73099 |
| Petitioner, | Agency No. A095-723-208 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Rita Bety Garcia-Perez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Najmabadi v.*

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and dismiss in part the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying Garcia-Perez's motion to reopen as untimely where it was filed more than three years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Garcia-Perez failed to establish materially changed country conditions in El Salvador to qualify for the regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed). Garcia-Perez's argument that the BIA failed to properly consider the evidence is unpersuasive.

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte because Garcia-Perez has not raised a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited

purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**